Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 5:17-cv-07058-SVK |
| Plaintiff, | Magistrate Judge Susan Van Keulen |
| vs. | **NOTICE OF MOTION AND *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| JOHN DOE subscriber assigned IP address 76.247.176.87, | |
| Defendant. | |

1

**NOTICE TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, Strike 3 Holdings, LLC will and hereby does move the Court *ex parte* for leave to issue a third party subpoena on Defendant's Internet Service Provider to identify Defendant prior to a Fed. R. Civ. P. 26(f) conference.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities, and upon the attached: (1) Declaration of Greg Lansky in support of this motion, (2) Declaration of Tobias Fieser in support of this motion, and (3) Declaration of Susan B. Stalzer in support of the motion, upon all pleadings and evidence on file in this matter, and upon such additional evidence or arguments as may be accepted by the Court at or prior to hearing.

Date: 01/04/2018					FOX ROTHSCHILD LLP

						Respectfully submitted,

						By: /s/ *Lincoln Bandlow*
						Lincoln Bandlow, Esq.
						FOX ROTHSCHILD LLP
						*Attorney for Plaintiff*

2

Notice of Motion and *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTS ..................................................................................................................................2

    A. Plaintiff Has a Serious Problem with BitTorrent Infringement......................................2

    B. The Infringer ..................................................................................................................3

III. ARGUMENT ........................................................................................................................3

    A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant ........................................................................................................3

    B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena .........................................................................................................................4

        1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement ..................................................................................................................................4

        2. There Is No Other Way to Uncover Doe Defendant's True Identity .........................5

        3. There Exists a Real and Significant Risk that Absent Early Discovery, Doe Defendant's ISP Will Destroy Logs Containing Doe's Identity................................7

        4. Plaintiff Identifies Doe Defendant with Sufficient Specificity..................................7

            a. Plaintiff has Sufficiently Demonstrated that the Infringement Conducted Using the Relevant IP Address was Committed by an Actual Person ............................8

            b. Plaintiff Traced Doe Defendant's IP Address to this Court's Geographic Jurisdiction Using Geolocation Technology.......................................................8

        5. Plaintiff Has Identified All Previous Steps Taken to Locate the Unknown Doe Defendant....................................................................................................................9

        6. Plaintiff's Complaint Could Withstand a Motion to Dismiss..................................10

        7. Plaintiff Can Properly Effectuate Service of Process...............................................11

        8. Plaintiff's Subpoena is Reasonably and Narrowly Tailored to Only Seek Doe Defendant's Identity .................................................................................................11

    C. Protective Order............................................................................................................12

i

IV. CONCLUSION ................................................................................................12

ii

# TABLE OF AUTHORITIES

**Cases**

*808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, 2012 WL 1648838 (S.D. Cal. May 4, 2012)................................................................................................................................8

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001 ...................................5

*AF Holdings LLC v. Doe*, No. CV 12-04447 RMW, 2012 WL 12973140 (N.D. Cal. Nov. 6, 2012) ...........................................................................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)............11

*Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2015 WL 3430241 (N.D. Cal. May 28, 2015) .......6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)..............................................................11

*Braun v. Doe*, No. CV 12-3690 YGR (JSC), 2012 WL 3627640 (N.D. Cal. Aug. 21, 2012).......8

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010)...............10

*Cell Film Holdings, LLC v. Doe*, No. CV 16-2584-BEN (BLM), 2016 WL 6523432 (S.D. Cal. Nov. 3, 2016) ................................................................................................................................9

*Cobbler Nevada, LLC v. Doe-68.8.213.203*, No. CV 15-2729-GPC (JMA), 2015 WL 9026554 (S.D. Cal. Dec. 15, 2015) ...........................................................................................................10

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579–80 (N.D. Cal. 1999) ......................10

*Criminal Prods., Inc. v. Doe*, No. CV 16-02353-DMS-MDD, 2016 WL 6070355 (S.D. Cal. Oct. 17, 2016)......................................................................................................................................11

*Criminal Prods., Inc. v. Doe-*, No. CV 16-2589 WQH (JLB), 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016) ........................................................................................................................................9

*Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. CV 16-01164-JSC, 2016 WL 4259116 (N.D. Cal. Aug. 12, 2016)......................................................................................................................11

*Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011) .......................................................................................................................6

*DigiProtect USA Corp. v. Does,* 2011 WL 4444666 (S.D.N.Y. Sep.26, 2011)............................8

iii

*Digital Sin, Inc. v. Does 1-5698*, No. CV 11-04397 LB, 2011 WL 5362068 (N.D. Cal. Nov. 4, 2011) ..................................................................................................................................12

*Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 NC, 2015 WL 13389609 (N.D. Cal. Sept. 29, 2015)................................................................................................................4, 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).........................................4

*Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)...................4

*G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. CV 14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014)................................................................................................................................8

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ............................................................4

*Hard Drive Prods., Inc*, No. CV 11-03825 HRL, 2012 WL 1094653 ........................................4

*Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183 (S.D. Cal. Oct. 25, 2016)............................................................................................................................8, 9

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012) ......6

*Patrick Collins v. John Does 1–54,* 2012 U.S. Dist. LEXIS 3623 2 (D. Ariz. Mar. 19, 2012) .....4

*Patrick Collins, Inc. v. John Doe*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013)...........................5

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)....................................4, 5

*Semitool*, 208 F.R.D. at 276 ........................................................................................................6

*Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.44.241.209*, No. CV 3:17-1680 CSH, 2017 WL 5001474 (D. Conn. Nov. 1, 2017)............................................4, 6

*UMG Recordings, Inc. v. Doe*, No. CV 08-1193 SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008) ............................................................................................................................ 3, 4, 11

*United States v. Richardson*, No. CR 4:11-3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012) ..........9

*United States v. Tillotson*, No. CR 2:08-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008).........9

*World Digital Rights, Inc. v. John Does 1-80,* No. CV 2:12 -225-FTM, 2012 WL 1623871 (M.D. Fla. May 9, 2012) ........................................................................................................7

**Statutes**

17 U.S.C. § 106(1)........................................................................................................................5

iv

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

17 U.S.C. § 410(c) .................................................................................................................5

**Other Authorities**

*American Registry for Internet Numbers Number Resource Policy Manual* ...............................6

*Beginner's Guide to Internet Protocol (IP) Addresses* ................................................................6

Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf ................................................................................1

**Rules**

Fed. R. Civ. P. 26(d)(1) ............................................................................................................1

v

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of its *Ex-Parte* Motion for Leave to serve a third-party subpoena prior to a rule 26(f) conference.

**I.   INTRODUCTION**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3") is the owner of original, award winning motion pictures featured on its subscription-based adult websites.[1] Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world.

Strike 3 hired an investigator, IPP International U.G., to monitor and detect its infringement. IPP discovered that Defendant's IP address was illegally distributing several of Strike 3's movies. Strike 3 only knows Defendant by his or her IP address. This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, AT&T Inc. (AT&T U-verse) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[2]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this

---

[1] *See generally* Declaration of Greg Lansky hereto attached as Exhibit "A."
[2] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

1

information to prosecute the claims made in its Complaint.  Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II.   FACTS

### A.   Plaintiff Has a Serious Problem with BitTorrent Infringement

Greg Lansky ("Mr. Lansky") is a member of General Media Systems, LLC, ("GMS") the parent company that owns Strike 3.  *See* Exhibit "A" at ¶ 1.  Strike 3 owns the intellectual property to the *Blacked*, *Tushy*, and *Vixen* adult brands, including the copyrights to each of the motion pictures distributed through the brands' sites and the trademarks to each of the brand names and logos.  *Id*. at ¶ 3.  Strike 3 is owned entirely by Mr. Lansky's company, GMS, and has existed since 2015.  *Id.*

Mr. Lansky is the Chief Creative Officer of the *Blacked*, *Tushy*, and *Vixen* adult brands.  *Id*. at ¶ 1.  In 2006, Mr. Lansky moved to the United States from Paris to pursue his dream of creating art in an adult context.  *Id*. at ¶ 4.  He has always been passionate about photography and cinematography.  *Id.*

It was a difficult start – Mr. Lansky could barely speak English, and he had trouble making connections and finding employment.  *Id*. at ¶ 5.  Eventually, after tremendous hard work, Mr. Lansky was fortunate to be hired by some of the biggest adult brands in the world.  *Id*. at ¶ 6.  Through these experiences, Mr. Lansky was able to establish himself and become an expert in the field.  *Id.*

In 2013, Mr. Lansky decided to risk everything to create his own company and studio.  *Id*. at ¶ 7. After a few years, his brands turned into a multi-million dollar a year business.  *Id*. at ¶ 10.  His philosophy is to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality adult films.  *Id*. at ¶¶ 12–13.  Moreover, Strike 3's motion pictures are known for having the highest production budget of any in the industry.  *Id*. at ¶ 15.

Because of this, Strike 3's brand's websites have a subscriber base that is one of the highest of any adult sites in the world, with 20 million unique visitors to its websites per month,

and these websites enjoy a loyal following. *Id.* at ¶ 10. Strike 3 is also currently the number one seller of adult DVDs in the United States. *Id.* at ¶ 17. Finally, Strike 3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 18. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 19. Mr. Lansky himself has also won "director of the year" two years in a row. *Id.*

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3. As Mr. Lansky succinctly puts it, Strike 3 "can compete in the industry, but we cannot compete when our content is stolen." *Id.* at ¶ 22. To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 29.

### B. The Infringer

Strike 3 knows that Defendant's IP address was used to infringe several of its motion pictures. *See* Complaint at ¶¶ 24–25. Not only does Defendant download these movies through the BitTorrent protocol, Defendant distributes these movies to others, encouraging others to steal Strike 3's motion pictures. *See* Complaint, at ¶ 38. Defendant's infringement is consistent, ongoing and highly damaging. *See* Declaration of Tobias Fieser, Exhibit "B" at ¶ 7.

## III. ARGUMENT

### A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant

"In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. CV 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (citations omitted). As the Ninth Circuit has noted with unknown defendants, "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it

3

is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Courts in the Ninth Circuit also consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Hard Drive Prods., Inc*, No. CV 11-03825 HRL, 2012 WL 1094653, at *2 (citing *Patrick Collins v. John Does 1–54,* 2012 U.S. Dist. LEXIS 3623 2, *8 (D. Ariz. Mar. 19, 2012)); *accord Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (collecting cases). "[T]here is no prejudice where the discovery request is narrowly tailored to only seek [Doe Defendant's] identity." *UMG Recordings, Inc.*, No. CV 08-1193 SBA, 2008 WL 4104214, at *4. As a result, "Courts routinely find the balance favors granting a plaintiff leave to take early discovery." *Id.*; *see also Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.44.241.209*, No. CV 3:17-1680 CSH, 2017 WL 5001474 (D. Conn. Nov. 1, 2017) (finding Plaintiff had established good cause after weighing all five factors).

B. <u>There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena</u>

*1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a prima facie claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)).

4

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

1  Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works,
2  which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the
3  constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point
4  in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works,
5  expressly or otherwise." *See* Complaint at ¶¶ 35–37.
6  Plaintiff owns a valid copyright in the Works, which are registered with the United
7  States Copyright Office or have complete applications pending. *See* 17 U.S.C. § 410(c); *see*
8  *also* Complaint at ¶¶ 31–33. Plaintiff's prima facie allegations of infringement are attested to
9  by Plaintiff's investigator, IPP International U.G.'s employee, Tobias Fieser. *See* Exhibit "B."
10 Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted works.
11 *See* Declaration of Susan B. Stalzer, Exhibit "C."
12 Plaintiff has also made a plausible prima facie showing of "copying." "'The word
13 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights'
14 described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).
15 Plaintiff's Complaint alleges that Doe Defendant not only downloaded Plaintiff's works over
16 the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent
17 swarm. *See id.* § 106(3); *see also* Complaint at ¶ 38. Additionally, by downloading the torrent
18 files, Defendant triggered a cascade of technical operations, making Defendant the "proximate
19 cause" of all of the violations of Plaintiff's copyrights. *Giganews, Inc.*, 847 F.3d at 666.
20 "Indeed, every court to have addressed this issue has found a sufficiently alleged copyright
21 infringement claim based on BitTorrent technology, even when the defendant was merely
22 identified with an IP address." *Patrick Collins, Inc. v. John Doe*, 945 F. Supp. 2d 367, 375
23 (E.D.N.Y. 2013) (discussing the sufficiency of the complaint under Rule 12(b)(6)).
24  2. *There Is No Other Way to Uncover Doe Defendant's True Identity*
25  At this early stage in litigation, Plaintiff has a limited view into Defendant's identity.
26 "BitTorrent has allowed users to share files anonymously with other users" *Diabolic Video*
27 *Prods., Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1 (N.D. Cal. May
28

5

31, 2011), and the only information being made available is the user's IP address. People using the Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address "know who an address is assigned to and how to get in contact with them."[3] ISPs' records "are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense."[4]

Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation. *Cf. Strike 3 Holdings*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 at *4 (citation omitted) ("Defendant's ISP . . . is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address . . . during the time of the alleged infringement."). "[T]he only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address [is Defendant's ISP]," *id.*, and since Plaintiff "cannot identify [Doe Defendant] without a court-ordered subpoena, . . . there is good cause to allow for early discovery." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

"Postponing disclosure of information until the normal course of discovery is not an option in the instant case because, without disclosure of Defendants' names and contact information, the litigation cannot proceed to that stage." *Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015) (citing *UMG Recordings*, 2006 WL 1343597 at *1) (citing *Semitool*, 208 F.R.D. at 276). Therefore "expedited discovery is appropriate because the addresses can assist in the identification of Doe defendants." *Id.* (collecting cases).

---

[3] *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.; *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

[4] Statement from Jason Weinstein, n.2, *supra*.

6

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

### 3. There Exists a Real and Significant Risk that Absent Early Discovery, Doe Defendant's ISP Will Destroy Logs Containing Doe's Identity

"[T]here is a chance that the ISPs will destroy the logs needed by Plaintiff." *World Digital Rights, Inc. v. John Does 1-80*, No. CV 2:12 -225-FTM, 2012 WL 1623871, at *2 (M.D. Fla. May 9, 2012). This risk is due to ISP's internal policies to only retain such data for a limited period of time, *see id.* (finding that "in general, the data retention policies of ISPs for information sufficient to correlate an IP address to a subscriber is a very limited amount of time"), combined with the absence of any uniform, statutory obligation to retain such relevant data for a long period of time. The less stringent nature of the online regulatory landscape, along with the ephemeral nature of the ISP's data and data retention policies, makes expedited discovery appropriate.

This Court aptly summarized the dilemma:

> [E]xpedited discovery is appropriate because ISPs typically retain user activity logs for only a limited period, ranging from as short as a few days to a few months, before erasing data. If the information is not disclosed before it is destroyed, Plaintiffs will forever lose their opportunity to pursue infringement claims against the people associated with these IP addresses.

*UMG Recordings, Inc. v. Does 1-4*, No. CV 06-0652 SBA (EMC), 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006) (citation omitted). Plaintiff's subpoena would not only give Plaintiff the opportunity to uncover Doe Defendant's identity, it would enable the ISP to preserve the relevant data. This accomplishes two goals: preventing the ISP from inadvertently destroying relevant data, and allowing Plaintiff the opportunity to properly serve Doe Defendant in furtherance of its copyrights.

### 4. Plaintiff Identifies Doe Defendant with Sufficient Specificity

Next "the Court examines whether the plaintiff has identified the defendants with sufficient specificity, demonstrating that each defendant is a real person or entity who would be subject to the Court's jurisdiction." *Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (citation omitted). This factor

7

implies two questions: whether the infringement can be traced back to an actual person and whether this Court has personal jurisdiction over that individual.

        a. Plaintiff has Sufficiently Demonstrated that the Infringement Conducted Using the Relevant IP Address was Committed by an Actual Person

"A plaintiff may show that a defendant is a real person or entity by providing evidence of 'specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process.'" *Id.* (quoting *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. CV 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014)). Although the BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction. That is, but for the Doe Defendant directing his or her BitTorrent client to download the torrent file, the alleged infringement would not have occurred.

        b. Plaintiff Traced Doe Defendant's IP Address to this Court's Geographic Jurisdiction Using Geolocation Technology

"[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183, at *2 (S.D. Cal. Oct. 25, 2016) (quoting *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012)). Here, Plaintiff used Maxmind, a geolocation technology, to trace Defendant's IP Address to a geographic area within this Court's in personam jurisdiction. This establishes "a prima facie showing of personal jurisdiction over defendant." *AF Holdings LLC v. Doe*, No. CV 12-04447 RMW, 2012 WL 12973140, at *2 (N.D. Cal. Nov. 6, 2012) (slip copy); *see also Braun v. Doe*, No. CV 12-3690 YGR (JSC), 2012 WL 3627640, at *2 (N.D. Cal. Aug. 21, 2012) (noting that "[p]ublicly available software provides basic, or at least presumptive, geographic information about IP addresses")) (quoting *DigiProtect USA Corp. v. Does,* 2011 WL 4444666 at * 1 (S.D.N.Y. Sep.26, 2011)).

8

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

Sister courts have accepted Maxmind's findings for the purpose of allowing expedited discovery. *See e.g.*, *Cell Film Holdings, LLC v. Doe*, No. CV 16-2584-BEN (BLM), 2016 WL 6523432, at *2 n.2 (S.D. Cal. Nov. 3, 2016) (slip copy), *Criminal Prods., Inc. v. Doe-*, No. CV 16-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff's investigator, the documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to independently verify the location information provided by Plaintiff's investigator, Plaintiff has met its evidentiary burden [that jurisdiction is proper]."). Indeed, federal law enforcement relies on Maxmind for its cyber investigations. *See e.g., United States v. Tillotson*, No. CR 2:08-33, 2008 WL 5140773, at *6 (E.D. Tenn. Dec. 2, 2008) (Department of Justice*); United States v. Richardson*, No. CR 4:11-3116, 2012 WL 10382, at *2 (D. Neb. Jan. 3, 2012), *report and recommendation adopted*, No. CR 4:11-3116, 2012 WL 395509 (D. Neb. Feb. 7, 2012) (Federal Bureau of Investigations); *see also* Complaint at ¶ 9. Since Plaintiff has demonstrated that the infringer is an actual person, and because Plaintiff correlated this IP address with a location within this Court's jurisdiction using proven and reliable geolocation technology, this factor favors expedited discovery.

> 5. *Plaintiff Has Identified All Previous Steps Taken to Locate the Unknown Doe Defendant*

"Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve it." *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183, at *2 (S.D. Cal. Oct. 25, 2016) (citing *Columbia Ins. Co.*, 185 F.R.D. at 579).

Plaintiff has diligently attempted to correlate Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools, including basic search engines like http://www.google.com.  Plaintiff has further conducted its own diligent research on its ability to identify Defendant by other means by reviewing numerous sources of authority, most of which have been discussed above (*e.g.*, legislative reports, agency websites,

9

informational technology guides, governing case law, etc.). Plaintiff has also discussed the issue at length with computer investigators and cyber security consultants. Plaintiff has been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet. "This is the case because although publicly available data allowed Plaintiff to identify the specific ISP used by Defendant as well as the city associated with the IP address, it did not permit Plaintiff to ascertain the identity of the subscriber or actual defendant. Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringement in a good faith effort to locate Defendant." *Cobbler Nevada, LLC v. Doe-68.8.213.203*, No. CV 15-2729-GPC (JMA), 2015 WL 9026554, at *2 (S.D. Cal. Dec. 15, 2015).

   6. *Plaintiff's Complaint Could Withstand a Motion to Dismiss*

   Finally Plaintiff's Complaint withstands a motion to dismiss. This factor acts as a gatekeeper designed to "prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579–80 (N.D. Cal. 1999) (citation omitted).

   As this is an action for copyright infringement, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). *See* Complaint at ¶ 7. This Court also has personal jurisdiction over Doe Defendant because the Defendant's infringement took place within the geographic scope of this Court's jurisdiction, *supra* Section B.4.b., and Defendant also likely resides within this District or at least has substantial contacts with this District. *See* Complaint ¶¶ 8–9. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c) as well as 28 U.S.C. § 1400(a) (venue for copyright cases). *See* Complaint ¶ 10; *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

10

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

Finally, "[t]o survive a motion to dismiss [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's Complaint survives this motion. As discussed previously, Plaintiff has pleaded a prima facie claim for copyright infringement. Plaintiff owns the copyrights in question, and has demonstrated Doe Defendant infringed several of its copyrights by downloading Plaintiff's works using BitTorrent protocol. *Supra* B.1; *see Criminal Prods., Inc. v. Doe*, No. CV 16-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016) (accepting a similar prima facie case as satisfying this factor).

   *7. Plaintiff Can Properly Effectuate Service of Process*

The subpoena seeks Doe Defendant's name and address, which are currently unknown to Plaintiff. With Defendant's identity, Plaintiff will be able to amend its complaint to name Doe Defendant and with said name and address, will be able to serve a summons upon Defendant pursuant to Fed. R. Civ. P. 4(a) and (e) (requiring Plaintiff to name the Defendant and effectuate service on that individual). Without the subpoenaed for information, Plaintiff cannot properly serve Doe Defendant because it does not know who he or she is.

   *8. Plaintiff's Subpoena is Reasonably and Narrowly Tailored to Only Seek Doe Defendant's Identity*

Plaintiff only seeks limited information so that it can identify and serve Doe Defendant. "[T]here is no prejudice to the Doe Defendant in granting the requested early discovery because it 'is narrowly tailored to seek only their identity.'" *Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. CV 16-01164-JSC, 2016 WL 4259116, at *3 (N.D. Cal. Aug. 12, 2016) (quoting *UMG Recordings, Inc. v. Doe*, No. CV 08-1193 SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008)). "[G]ranting Plaintiff . . . early discovery to identify the Doe Defendant appears to be the only way to advance this litigation." *Id.*

11

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK

### C. Protective Order

In BitTorrent cases involving adult content, Courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously. *See e.g. Digital Sin, Inc. v. Does 1-5698*, No. CV 11-04397 LB, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011) (issuing a protective order to, inter alia, allow the defendants to remain pseudonymous). Strike 3 respectfully encourages the Court to establish such procedures here, should the Court find it appropriate.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP.

Date: 01/04/2018                                   FOX ROTHSCHILD LLP

Respectfully submitted,

By: /s/ *Lincoln Bandlow*
Lincoln Bandlow, Esq.
FOX ROTHSCHILD LLP
*Attorney for Plaintiff*

12

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:17-cv-07058-SVK